UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| ABDUL WAHID HALLARU, | § |
| | § |
| Petitioner, | § |
| | § |
| VS. | § CIVIL ACTION NO. 5:26-CV-00228 |
| | § |
| KRISTI NOEM, *et al.*, | § |
| | § |
| Respondents. | § |

## ORDER

Pending before the Court is Petitioner Abdul Wahid Hallaru's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on February 17, 2026. (Dkt. 1.) Petitioner is 29-year-old citizen and national of Ghana who entered the United States without inspection on May 15, 2023, and was apprehended in the interior. (*See id.* at 8; Dkt. 10 at 2.) ICE initiated removal proceedings against Petitioner, issued a Notice to Appear (NTA), and charged Petitioner pursuant to INA 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled. (Dkt. 1 at 8, Attach. 2 at 2–3; Dkt. 10 at 2, Attach 2.) Petitioner was then released from custody on his own recognizance pending the resolution of his removal proceedings. (Dkt. 1 at 8, Attach. 2; Dkt. 10 at 2, Attach. 3.) Petitioner later submitted applications for asylum and withholding of removal. (Dkt. 1 at 8.) In early January of 2026, Petitioner was stopped at a U.S. Border Patrol checkpoint while operating his truck in the course of his employment as a commercial truck driver. (*Id.* at 8; Dkt. 10 at 2. Attach. 4.) He was

taken into custody by ICE officials and then detained at the Rio Grande Processing Center in Laredo, Texas, where he remains detained. (Dkt. 1 at 8–9; Dkt. 10 at 2–3, Attach. 4.)

Petitioner argues he is being unlawfully detained in violation of his rights under the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act (INA) and its accompanying regulations, the Administrative Procedure Act (APA), and the declaratory judgment in *Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). (Dkt. 1 at 13–24.) He asks the Court to order his immediate release or in the alternative, provide him with a bond hearing. (*Id*. at 24–26.)

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, — F.4th —, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at *4. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at *9.

The Court ordered Respondents to respond to Petitioner's petition on or before February 25, 2026, and Respondents filed a timely response. (Dkts. 4, 10.) Petitioner submitted a reply and supplemental exhibit on February 27, 2026. (Dkts. 11, 12.) Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475 (S.D. Tex. Feb. 20, 2026), in which the Court determined that the petitioner's detention by ICE violated his rights

2 / 4

under the Due Process Clause. Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner adequate notice of the intent to revoke his prior release, an individualized assessment of his flight risk and dangerousness, and an opportunity to respond prior to redetention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 10), is **DENIED**.

1. Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2. Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3. If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

4. Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

5. Within two weeks of the date of this Order, the parties shall **FILE** advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

IT IS SO ORDERED.

SIGNED this March 3, 2026.

_____
Diana Saldaña
United States District Judge